IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VATIS C. HALL, SPN #02440168, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-25-0853 |
| | § | |
| TEXAS DEPT. OF FAMILY AND | § | |
| PROTECTIVE SERVICES, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Harris County pretrial detainee proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 for professional malpractice and negligence.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Plaintiff is a Harris County pretrial detainee awaiting trial on felony charges for super aggravated sexual assault of a child under the age of six.

Plaintiff names as defendants the Texas Department of Family and Protective Services ("TDFPS") and former TDFPS commissioner Jaime Masters. He claims that these defendants are liable to him for professional malpractice and negligence in their investigations related to his pending criminal prosecutions. He seeks a declaratory judgment

of an unstated nature, monetary damages, disciplinary actions, and sanctions against them. Because the Court has no authority to initiate disciplinary actions against the defendants or impose sanctions against them under the allegations pleaded by plaintiff, the Court construes the lawsuit as seeking a declaratory judgment of an unstated nature and monetary damages.

This lawsuit is one of at least four civil lawsuits plaintiff filed in this Court against various individuals and entities for claims arising from his pending criminal detention and prosecutions.

## II. ANALYSIS

A. <u>Legal Standards</u>

When a prisoner seeks to proceed *in forma pauperis*, the Court must evaluate the complaint and dismiss it without service of process if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915(A).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional

facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

When reviewing a *pro se* plaintiff's complaint, the courts must construe the factual allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a plaintiff's *pro se* status does not afford him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Even under the liberal standards afforded by *Haines*, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief. *Id.*

B. <u>TDFPS</u>

Plaintiff names as a defendant the TDFPS, a Texas state agency. "Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321–22 (5th Cir. 2022). That is, federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless the state has waived its sovereign immunity or Congress has clearly abrogated it. The State of Texas has not waived, and § 1983 does not abrogate, its sovereign immunity. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d

3

389, 393–94 (5th Cir. 2015). Consequently, plaintiff's claims against the TDFPS are barred by sovereign immunity and the Court lacks jurisdiction to adjudicate the claims.

Plaintiff's claims against the TDFPS are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**.

C. Jaime Masters

Plaintiff does not clarify whether his claims are brought against Jaime Masters in her official or individual capacity. To the extent he has named Masters in her official capacity, his claims are barred by sovereign immunity for the reasons stated above. *See NiGen Biotech, L.L.C.*, 804 F.3d at 393–94.

To extent plaintiff has named Masters in her individual capacity, no viable claim is raised under § 1983. To maintain an action under § 1983, plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. 42 U.S.C. § 1983. Claims for professional malpractice and negligence are state tort actions that fail to raise an issue of federal constitutional dimension for purposes of § 1983. *See, e.g., Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 122 (Tex. 2009).

Plaintiff's claims against Jaime Masters are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under § 1983.

4

## III. CONCLUSION

For the reasons shown above, the Court **ORDERS** as follows:

1. Plaintiff's claims against the TDFPS are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION.**

2. Plaintiff's claims against Jaime Masters are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted and/or as barred by immunity. 28 U.S.C. §§ 1915(e), 1915A.

3. Any and all pending motions are **DISMISSED AS MOOT**.

4. This dismissal constitutes a **STRIKE** for purposes of 28 U.S.C. § 1915(g). Plaintiff is **WARNED** that if he accrues a total of three strikes, he will be permanently barred from proceeding *in forma pauperis* in federal district or appellate courts while incarcerated or detained in any facility, unless he shows he is under imminent danger of serious physical injury at the time of filing.

Signed at Houston, Texas, on this the 3rd day of March, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE